Dear Mr. Picard:
You requested an opinion of this office concerning certain restrictions on the employment of vocational agriculture teachers under La.R.S. 17:422(B). Specifically, you ask whether (a) vocational agriculture teachers may be employed for less than twelve months, and (b) part-time vocational agriculture teachers may be employed for less than twelve months. Your office further clarified during a subsequent telephone conference that the term "part-time vocational agriculture teachers," as used in your query does not refer to vocational agriculture teachers who are employed as part-time teachers. Rather, it refers to full-time teachers who teach one or more subjects in addition to vocational agriculture, i.e., teachers who do not exclusively teach vocational agriculture.
La.R.S. 17:422(B) provides as follows:
 All vocational agriculture teachers employed by a parish or city school board shall teach a twelve- month program for a twelve-month budget period and shall be paid a salary at the same monthly rate as provided in the minimum salary schedule contained in R.S. 17:421.3. No parish or city school board shall change the vocational agriculture program without approval by the State Board of Elementary and Secondary Education. 
 Notwithstanding any other provision of law to the contrary, vocational agriculture teachers shall be provided a two-week vacation period annually during which they shall not be required to work. Provisions of such vacation period shall not reduce the salaries of vocational agriculture teachers below the level provided in R.S. 17:421.3 nor shall it alter the twelve-month employee status of such teachers.
 La.R.S. 17:421.3 provides a schedule of minimum salaries for a 180-day school session for public elementary and high school teachers in the state based on years of experience and educational qualifications, as well as percentage increases thereon, based on years of experience.
I. Full-time Teachers Who Teach Vocational Agriculture Exclusively
La.R.S. 17:422(B)(1) requires that all vocational agriculture teachers teach a twelve-month program, and be paid a salary at the same monthly rate as provided in the minimum salary schedule contained in La.R.S. 17:421.3. Arguably, La.R.S. 17:422(B)(1), standing alone, simply makes a twelve-month vocational agriculture program mandatory, and does not address whether the twelve-month program may only be taught by vocational agriculture teachers employed for twelve months, or the twelve-month program may be taught by more than one vocational agriculture teacher, each employed for less than twelve months during a budget period. However, Subsection (B)(2) requires a mandatory annual two-week vacation for vocational agriculture teachers, which vacation period shall not "alter the twelve-month employee status of such teachers." Read in conjunction with each other, Subsections (B)(1) and (2) require not only that the vocational agriculture program be a twelve-month program, but that the vocational agriculture teacher also be a twelve-month employee who is paid a monthly salary based on the statutory salary schedule for the three months beyond the 180-day school year.[1]
It appears reasonably clear from the above that under La.R.S.17:422, vocational agriculture teachers may not be employed for a period less than twelve months, nor paid a salary below the same monthly rate as provided in the minimum salary schedule contained in La.R.S. 17:421.3. In view of the express requirements that "all vocational agriculture teachers shall teach a twelve-month program" at a specified minimum salary level and that the mandatory vacation periods shall not "alter the twelve-month employee status of such teachers," this office sees little scope for interpretation in the application of these statutory provisions to your first issue, i.e., whether full-time teachers who teach vocational agriculture exclusively may be employed for a period less than twelve months. Accordingly, it is the opinion of this office that such vocational agriculture teachers may not be employed for less than twelve months.
II. Full-time Teachers Who Teach Vocational Agriculture andPossibly Other Subjects
As mentioned above, your request regarding part-time teachers as clarified by your staff actually asks whether a full- time teacher who may teach one or more subjects in addition to vocational agriculture may be employed for less than twelve months. The statutory provisions referenced above do not limit the application of the twelve-month employment to teachers who teach vocational agriculture exclusively. No statutory definitions[2] or jurisprudential interpretations can be found that would help determine whether the term "teacher," as used in La.R.S.17:422(B) refers to teachers who teach vocational agriculture only or any teacher who teaches vocational agriculture, exclusively or otherwise.
In view of the express provisions of Section 422(B) which requires that all vocational agriculture teachers teach a twelve-month program and be paid a salary at the statutory minimum rates, and in the absence of further limitations thereon, we believe that the obligation to employ vocational agriculture teachers for twelve months during a budget period extends equally to a full-time teacher who teaches vocational agriculture in addition to other subject(s). When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ. Code art. 9; also see La.R.S. 1:4. The legislature has not provided any exceptions to the requirement that all vocational agriculture teachers shall teach a twelve-month program, and we see no basis to infer an exception for teachers who teach vocational agriculture in addition to other subjects.
Therefore it is the opinion of this office that all vocational agriculture teachers must be employed for twelve months during a twelve-month budget period, whether they teach vocational agriculture exclusively or in addition to other subjects.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
With best regards,
 CHARLES C. FOTI ATTORNEY GENERAL
BY: _____________________________
 Uma M. Subramanian Assistant Attorney General
CCF, Jr.:UMS:lrs
[1] The statutory monthly salary requirements under Subsection (B)(1) are analogous to La.R.S. 421.5, where the legislature has provided a method to calculate the monthly salaries of those school personnel who are employed for a period longer than the 180-day school year covered in the salary schedules contained in La.R.S. 17:421.3.
[2] The definition in La.R.S. 11:701 of the term "teacher" pertains to the Teachers' Retirement System of Louisiana. The definition of that term in La.R.S. 17:1170 for purposes of sabbatical leave, etc. and in La.R.S. 17:441 for purposes of tenure rights are similarly inapplicable to Section 422(B).